# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2493-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

A.R.G.,[1]

     Defendant-Appellant.

_____

Submitted December 11, 2024 – Decided December 23, 2024

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 17-04-0625.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (Deepa S. Jacobs, Assistant Prosecutor, of counsel and on the brief).

---

[1] We refer to defendant by his initials to protect the victims' privacy. R. 1:38-3(c)(9).

PER CURIAM

Defendant appeals from a December 8, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We incorporate the facts leading to defendant's convictions set forth in State v. A.R.G., No. A-3314-18 (App. Div. Mar. 23, 2021). On direct appeal, we affirmed defendant's convictions for sexually assaulting his girlfriend's two daughters over a ten-year period with their mother's knowledge and consent.[2] Id. (slip op. at 3). We also affirmed the sentence imposed, consisting of two consecutive life terms followed by a consecutive forty-year period of incarceration, subject to periods of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Ibid.[3] The New Jersey Supreme Court denied defendant's petition for certification. 247 N.J. 227 (2021).

Defendant filed a pro so PCR petition on December 2, 2021 asserting trial counsel was ineffective on three grounds. After counsel was assigned, defendant filed an amended petition and assigned counsel filed a supporting

_____

[2] The victims' mother testified at trial. She was separately charged based on her knowledge of, and complicity in, defendant's repeated sexual abuse of her daughters.

[3] We remanded to the trial court limited to a technical correction to the judgment of conviction.

brief. On December 8, 2022, after hearing the arguments of counsel, the PCR judge denied the petition without an evidentiary hearing.[4] The judge noted the defendant claimed trial counsel was ineffective for failing to: (1) object to the improper testimony by the forensic nurse examiner; (2) object to the mother's testimony; (3) challenge the denial of the suppression motion; (4) adequately cross-examine a witness based contradictory evidence; and (5) investigate the victims' motives to fabricate the sexual assault allegations.

Regarding the testimony of the forensic nurse, the PCR judge found the admission of the mother's trial testimony, and the trial judge's ruling on the suppression motion were addressed on direct appeal. However, citing our decision in State v. Allen, 398 N.J. Super. 247 (App. Div. 2008), the judge addressed the merits of those arguments in denying the PCR petition implicitly finding defendant's claims were not procedurally barred.

Regarding the mother's testimony, the PCR judge noted that even if defense counsel objected, the testimony would not have been deemed inadmissible. The PCR judge noted the mother's testimony was not akin to impermissible expert witness testimony as to the ultimate trial issue.

---

[4] The PCR judge was not the judge who presided at defendant's trial or sentencing.

3

With respect to the suppression motion, the PCR judge found the argument "somewhat . . . frivolous" based on the suppression motion judge's credibility findings after that judge viewed the videotape of defendant's interrogation by the police. After considering the officer's suppression hearing testimony, the transcript of the interrogation, and the videotape of the interrogation, the PCR judge agreed with the suppression motion judge that "there was no indication [defendant] did not understand" the Miranda[5] rights waiver.

Regarding the testimony of the forensic nurse, the PCR judge noted that "if" the witness strayed into an area reserved for expert opinion testimony, such error was harmless based on the other overwhelming evidence against defendant.

Additionally, the PCR judge rejected defendant's ineffective assistance of counsel argument regarding trial counsel's failure to call a neighbor as a witness and then "cross-examine" the neighbor. Defendant claimed the neighbor would have provided testimony that the victims and their mother had a motive to fabricate the sexual assault allegations. In rejecting this contention, the judge concluded trial counsel could not cross-examine defendant's own witness. Moreover, the PCR judge stated the allegation that the neighbor would have

---

[5] Miranda v. Arizona, 384 U.S. 436 (1966).

A-2493-22

testified favorably regarding the victims' motive to fabricate the allegations was nothing more than a "conclusory" statement because there was no certification or affidavit from the neighbor to support defendant's contention.

The PCR judge ultimately concluded defendant failed to make "a prima facie showing that his trial lawyer committed errors that c[a]me close to having denied him a fair trial. That . . . [d]efendant in hindsight may have employed a different strategy is not indicative of ineffective counsel." The judge further determined "[d]efendant's arguments [were] too vague, conclusory, or speculative, and . . . [d]efendant ha[d] not demonstrated a reasonable likelihood of success for the purpose of investigate[ing] additional claims for relief."

On appeal from denial of his PCR petition, defendant raises the following arguments:

POINT I

> AS . . . DEFENDANT HAD PRESENTED A PRIMA FACIE CASE THAT TRIAL COUNSEL WAS INEFFECTIVE AND THERE WAS A GENUINE ISSUE OF MATERIAL FACT IN DISPUTE, THE PCR COURT ERRED WHEN IT DENIED THE CLAIM WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING.
>
> (a) TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO PRESENT A WITNESS WHO WOULD HAVE CONTRADICTED THE STATE'S PROOFS.

5

(b) [] DEFENDANT WAS DENIED THE RIGHT TO HAVE HIS ISSUES FULLY CONSIDERED ON THE MERITS THROUGH AN EVIDENTIARY HEARING.

Where an evidentiary hearing has not been held on a PCR petition, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Harris, 181 N.J. 391, 421 (2004). We review a PCR judge's decision denying a request for an evidentiary hearing under an abuse of discretion standard. See State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020). A petitioner is not automatically entitled to an evidentiary hearing by simply raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

To establish a prima facie ineffective assistance of counsel claim, a defendant must satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which the New Jersey Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show . . . counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). The defendant must then show counsel's "deficient performance prejudiced the defense." Ibid. (quoting Strickland, 466 U.S. at

6

687). If the defendant fails to sustain his burden under either prong, the ineffective assistance of counsel claim fails. Strickland, 466 U.S. at 687.

When assessing the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999). Thus, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

"[T]o establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Porter, 216 N.J. 343, 355 (2013) (quoting Cummings, 321 N.J. Super. at 170). A PCR petition must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity," State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged substandard performance." Porter, 216 N.J. at 355 (quoting Cummings, 321 N.J. Super. at 170); see also R. 3:22-10(c). A PCR petitioner arguing his trial counsel

inadequately investigated a potential witness "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Porter, 216 N.J. at 353.

Here, defendant alleges his trial counsel was ineffective in failing to call a neighbor as a witness to testify on his behalf.  According to defendant, the neighbor's testimony would have demonstrated that the victims and their mother had ample motive to fabricate the sexual assault allegations against him.  However, defendant failed to submit an affidavit or certification from the neighbor supporting his contention.  Similarly, defendant failed to explain how the neighbor's testimony would have exculpated him.

Defendant was required to demonstrate "how specific errors of counsel undermined the reliability of the finding of guilt."  United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).  Absent information by way of a certification or affidavit setting forth the neighbor's testimony, neither the PCR judge nor this court is able to ascertain whether the neighbor's testimony could have impacted the outcome of the trial.

On this record, nothing indicates the neighbor would have testified the victims and their mother had reason to fabricate the sexual abuse allegations

8

against defendant.  Moreover, defense counsel extensively cross-examined the victims' mother at trial, and had ample opportunity to explore why she and her daughters may have fabricated the sexual assault allegations.

We also reject defendant's argument that the PCR judge erroneously found his PCR claims were procedurally barred.  Contrary to defendant's argument on appeal, the judge addressed defendant's PCR arguments on the merits and rejected them.

Regarding defendant's claim his trial counsel was ineffective in failing to object to the nurse examiner's testimony, the judge explained there was strong evidence against defendant even absent the nurse's testimony.  The judge cited the testimony of the victims and their mother, the expert testimony of the New Jersey State Police forensic scientists, who reviewed the results from the swabs of the victims taken by the nurse examiner, and defendant's inculpatory statement to the police.

We also reject defendant's claim that his defense attorney failed to raise certain arguments in support of the motion to suppress defendant's statement to the police.  Again, defendant failed to support this argument by submitting an affidavit or certification indicating which additional arguments should have been made and why the outcome of the trial would have been different had those

9

arguments been presented to the motion judge. Defendant's bald assertions are insufficient to support a claim for ineffective assistance of counsel. See Cummings, 321 N.J. Super. at 170.

Having reviewed the record, we discern no basis to reverse the PCR judge's determination that defendant failed to establish a prima facie claim of ineffective assistance of counsel. Defendant failed to demonstrate by way of supporting affidavits or certifications either of the Strickland prongs in support of his ineffective assistance of counsel claims. Instead, defendant asserted unsupported "vague, conclusory, or speculative" allegations regarding his trial counsel. Thus, the PCR judge properly denied defendant's petition without an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2493-22